# WHEELING.

## APPLEGATE v. HINKSON.

### July 31, 1875.

1875.
June Term.

1. G., as trustee for J. H., received from L., $872.50, part of the proceeds for thirty-seven and one-half acres of land conveyed to L., by said trustee and treated the said sum as part of the effects of said J. H., and charged himself therewith in his account with the trust estate of said J. H., as a part of $1492.50 with which he charged himself in that account as being realized upon the sale of the saw mill, and paid the said $1492.50, as trustee of J. H., to one Gist, as the fund and in behalf of said J. H.,—HELD:

The payment must be considered, in this proceeding, as having been made on behalf of said J. H., principal debtor, and not on behalf of defendant; without prejudice, however, to the right of defendant, or others having proper claim, to institute proper proceedings against said trustee for misapplication of the $872.50, if misapplied; and without prejudice to defendant, or other party having right to institute proper proceedings to set aside the sale and conveyance of the thirty-seven and one-half acres made by said trustee to Martha Lowry, May 28, 1864; or the sale made to Martin Lowry, or the sale and conveyance from Naylor and the Applegates to Martha Lowry of May 28, 1864; and also any proceedings had or based upon either of the deeds of trust executed by J. Hinkson and wife to said trustee, and defendant and wife to said trustee, in which they may show themselves entitled to redress.

2. All the parties in interest, not being before the court, it is not proper, in this case, to undertake to settle the rights of the defendant to the $872.50.

3. Where the evidence clearly prove that the plaintiff paid the money upon a judgment rendered against him and the defendant as co-sureties, and it appears from the facts and evidence that the circuit court ought to have given judgment for the plaintiff against the defendant for one moiety of the judgment so paid, it is error for the court to find for the defendant and render judgment in his favor.

Appeal by Lewis Applegate from a judgment of the circuit court of Brooke county, rendered on the 24th day of June, 1868, in a certain proceeding then pending in said court, wherein said Applegate was plaintiff, and William T. Hinkson, defendant.

The other facts sufficiently appear in the opinion of the Court.

The Hon. E. H. Caldwell, judge of said circuit court at the date of said judgment, presided at the trial below

*Joseph H. Pendleton*, for the appellant.

*George W. Caldwell*, for the appellee.

MOORE, JUDGE:

Plaintiff and defendant were co-sureties for one John Hinkson, on a note of $2,000 to Rachel Culver; on which said note John Hinkson had made certain payments and Samuel George, trustee for said John Hinkson, had also made certain payments; and which note was assigned to Joseph C. Gist by said Rachel Culver. At the September term, 1865, of the circuit court of Brooke county, the said Gist, as assignee, &c., obtained a judgment against the co-sureties, Applegate and W. T. Hinkson, for the balance due on said note, which at said term amounted to $874,-66, and which sum was paid to said Gist by Applegate August 6, 1866.—No judgment having been rendered against John Hinkson, he having left the State insolvent, and the action abating as to him.

Applegate then proceeded, by way of notice and motion, under the statute in such cases made and provided, in the circuit court of Brooke county, to recover judgment against the defendant as co-surety the sum of $437.33, with interest from August 6, 1866, that being one-half of the amount paid by Applegate.

The defendant, by order of the court, filed a statement of the grounds of his defense to said motion, substantially as follows:

1875.
June Term.

Applegate
v.
Hinkson.

*First.* That defendant, as co-surety on said note, paid his share, to-wit: $900, May, 1864.

*Second.* That S. George, trustee of defendant, and to whom defendant assigned all his property, real and personal, paid, out of the proceeds of a portion of said property, $900 on said note in the year 1864, for which defendant claimed credit as against said motion.

*Third.* That John Hinkson, the principal on said note, assigned all his property, real and personal, in said county of Brooke, on the 23d day of February, 1860, to S. George, his trustee, to secure, *first,* a small debt to Alexander McHugh, and, *secondly,* to secure and pay Joseph C. Gist, assignee of said Culver note, $2,000 on said note; that the said property so assigned by said John Hinkson, was more than sufficient to pay all the aforesaid debts of said John Hinkson, but that by the contrivance, interference, misconduct and misdirection of Lewis Applegate to and with the said trustee in reference to the said trust property in the hands of the said trustee, by which the trustee was induced, persuaded and misled by said Applegate to make wrongful and improper sales of said trust property, and by said Applegate was induced to sell, and did sell, said property much below its value and on insufficient security, by which actions of the said Applegate the said trust property of said John Hinkson was wasted and misapplied to the prejudice of this defendant as surety as aforesaid. And the said Applegate, the more effectually to carry out his aforesaid wrongful conduct in this behalf, gave the said trustee his bond, or writing, agreeing to save him harmless, or to indemnify him, the said trustee, in disposing of the said trust property, or a part thereof, as he, said Applegate, as aforesaid, directed and advised.

The plaintiff moved the court to reject the *third* specification of said statement, but the court overruled the motion, and at a subsequent term, judgment being rendered for the defendant, the plaintiff moved to set aside the judgment as contrary to the evidence and grant a new

trial, which motion was overruled; plaintiff excepted, and has appealed.

It appearing to the court from the record in the cause that the sum of $872.50, part of the proceeds received by the trustee, Samuel George, from Mrs. Lowry for the thirty-seven and one half acres of land conveyed to her by the said trustee, was treated by the said trustee as being a part of the effects of said John Hinkson, and that said trustee charged himself therewith in his account with the trust estate of said John Hinkson, as a part of the $1,492.50, with which he charged himself in that account, as being realized upon the sale of the saw-mill; and it further appearing that the said trustee paid said $1,492.50 to Gist as the trustee of said John Hinkson, as being his fund and in his behalf, the said payment must be considered in this proceeding as having been made on behalf of said John Hinkson, principal debtor, and not for and on behalf of defendant, Wm. T. Hinkson, without prejudice, however, to the right of said Wm. T. Hinkson, or any other person having proper claim, to proceed against said trustee, by bill in equity, or otherwise, as may be proper, for the misapplication of said $872.50, by said trustee, if it should appear it was so misapplied, and without prejudice to the the said Wm. T. Hinkson, or other party having right to institute any proper proceedings at law or in equity to set aside the sale and conveyance of the thirty-seven and one half acres of land conveyed by said Samuel George, trustee, to Martha Lowry by deed, dated May 28th 1864, or the sale made by said George to Martin Lowry, or the sale and conveyance from J. R. Naylor, Lewis Applegate and Margaret Applegate to Martha Lowry of 28th of May, 1864; and also any proceedings had, or based, upon either of the deeds of trust executed by John Hinkson and wife to said George, and William T. Hinkson and wife to said George, in which they may show themselves entitled to redress, and which may be brought in proper time. The

Court is of opinion that it is not proper, in this case, to undertake to settle the rights of the said William T. Hinkson to the said $872.50, or to determine whether it was properly his money or not, all the parties in interest not being before the Court. And the Court is farther of opinion, that the evidence clearly proves that the plaintiff Applegate did pay the money upon the judgment rendered against him and the said defendant, as co-surety with the defendant. And it appears from the facts and evidence that the circuit court ought to have given judgment for the plaintiff, Applegate, against the defendant for the one moiety of the judgment paid, as aforesaid, by the plaintiff; and although the plaintiff moved the circuit court for a new trial, said motion was, perhaps, technically irregular, and, having been refused, he was not prejudiced thereby; but as the court erred in finding for the defendant and rendering judgment thereon in his favor, it is considered by the Court that the said judgment be reversed and the finding set aside, with costs. And this Court proceeding to render such judgment as the circuit court should have rendered, it is considered that the plaintiff recover against the defendant the sum of $437.33, with interest thereon from the 6th day of August, 1866, until paid, and his costs in this behalf expended; but this judgment is without prejudice to the defendant or others, in any proper proceeding that may hereafter be instituted by him, or them, as stated in the opinion in writing of this Court filed in the cause.

Haymond, President, and Hoffman, Judge, concurred.

JUDGMENT REVERSED, FINDING SET ASIDE, AND, BY APPELLATE COURT, JUDGMENT FOR PLAINTIFF BELOW, BUT WITHOUT PREJUDICE.